# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

JOHN R. WALSH, III,                          :

    Plaintiff,                              :

                              **CIVIL ACTION NO. 3:15-2313**

    v.                                      :

                              **(JUDGE MANNION)**

HONORABLE TRISH CORBETT,    :

    Defendant                               :

## MEMORANDUM

Before the court is the plaintiff, John R. Walsh III's motion for an "Emergency Injunction," (Doc. 1), as well as his motion to proceed in forma pauperis. (Doc. 2). For the reasons stated herein, the motion to proceed in forma pauperis will be **GRANTED**, the motion for an injunction will be **DENIED**, and the case will be **DISMISSED**.

On this same day, the plaintiff filed a motion for "Emergency Injunction," where he requests this court issue an order "halting the auction and foreclosure" of his property at 806 Woodlawn Street, Scranton, PA, which was ordered by the Honorable Trish Corbett of the Lackawanna County Court of Common Pleas. (Doc. 1, p. 6). He further asks the court to order Judge Corbett to abide by the Americans with Disabilities Act and appoint a new divorce master for the plaintiff's pending divorce proceeding. *Id.* The plaintiff claims that Judge Corbett's order to auction the property ("Order"), (Doc. 1, p.16), effectively amounts to discrimination in violation of Title II of the Americans with Disabilities Act, and that he will be irreparably harmed if the

auction scheduled for December 5, 2015 is allowed to proceed. *Id.* at 1.

With his motion for an emergency injunction, the plaintiff also filed a motion to proceed in forma pauperis stating that he is unable to pay the costs of the instant proceedings. (Doc. 2). The plaintiff filed the proper affidavit, and, therefore, the court will grant this motion and allow him to continue in forma pauperis. In cases where the plaintiff has in forma pauperis status, Section 1915 of the United States Code, 28 U.S.C. §1915, requires the court to dismiss a plaintiff's case if, at any time, the court determines that the action is, "frivolous or malicious" or "fails to state a claim on which relief may be granted." §1915(e)(2)(B). For the reasons stated below, the plaintiff's case is both frivolous and fails to state a claim upon which relief can be granted, and therefore, the case must be dismissed.

An action is frivolous where "the court determines that the claim is: (1) of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial." Deutsch v. United States, 67 F.3d 1080, 1082 (3d Cir. 1995). The plaintiff seeks to use the Americans with Disabilities Act as a vehicle to appeal orders and judgments entered against him by Judge Corbett in his state divorce proceedings. His claim that Judge Corbett's order amounts to discrimination in violation of the Americans with Disabilities Act is erroneous, completely unsupported, and clearly of no weight at all.

In addition, in the plaintiff's motion, he asks this court to vacate Judge Corbett's order, and compel her to conduct the divorce proceedings in a

particular manner. Essentially, he invites this court to conduct appellate review of Judge Corbett's Order, issued against him in the Lackawanna County Court of Common Pleas. This court, a federal district court, does not have jurisdiction to review state court final actions under the Rooker-Feldman doctrine. The Rooker-Feldman doctrine "is a judicially-created doctrine that bars lower federal courts from reviewing certain state court actions." Goodson v. Maggi, 797 F.Supp.2d 587, 597 (W.D.Pa.2011). The doctrine arose in the wake of two Supreme Court Cases, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and stands for the proposition that

> a United States District Court has no subject matter jurisdiction to review final judgments of a state court, because only the Supreme Court has jurisdiction to review state court judgments under 28 U.S.C. §1257. *Goodson*, 797 F.Supp.2d at 597 (citing Feldman, 460 U.S. at 482). . . . "This doctrine applies even where the challenges to the state court judgment allege that the state court's action was unconstitutional, such as a deprivation of due process and equal protection rights." *Goodson*, 797 F.Supp.2d at 597 (citing Feldman, 460 U.S. at 485-86 (citation omitted)).

Conklin v. Anthou, No. 1:10-CV-2501, 2012 WL 124989, at *2 (M.D. Pa. Jan. 17, 2012), *aff'd*, 495 F. Appx. 257 (3d Cir. 2012). There are four factors that must be satisfied for the Rooker-Feldman Doctrine to apply:

(1)   the federal plaintiff lost in state court;
(2)   the plaintiff "complain[s] of injuries caused by [the] state-court judgments";
(3)   those judgments were rendered before the federal suit was filed; and
(4)   the plaintiff is inviting the district court to review and reject the state judgments.

3

Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Here, the plaintiff complains about an adverse judgment from state court, namely the Order to auction his home. Next, the motion for an "Emergency Injunction" clearly qualifies as a complaint about the potential "irreparable" injury that the state court order will cause. (Doc. 1,¶ 1). The Order was rendered on October 9, 2015, nearly two months prior to commencement of the instant federal action. (Doc. 1, p.16). Finally, the plaintiff asks the court to review the Order to determine whether it was entered in violation of the Americans with Disabilities Act, and further to reject and vacate the Order. All the requirements for the Rooker-Feldman doctrine are satisfied, and this court, therefore, does not have subject-matter jurisdiction over the plaintiff's claims.

Moreover, the Anti-Injunction Act, 28 U.S.C. §2283, also applies and precludes the court from granting injunctive relief in this case. The Anti-Injunction Act deprives federal district courts the ability to "grant an injunction to stay proceedings in a State court." §2283. There are three narrow exceptions that allow a federal court to grant equitable relief, but the court finds that all three are inapplicable to the present case.

Because the court lacks jurisdiction to hear the plaintiff's claims and also lacks authority to grant the relief that the plaintiff requests, this claim clearly "fails to state a claim upon which relief can be granted," and pursuant

to 28 U.S.C. §1915(e)(2)(B), must be dismissed.

Therefore, the plaintiff's motion for an emergency injunction must be denied and the complaint must be dismissed on the grounds that the claims are frivolous, and the complaint fails to state a claim upon which relief can be granted because the court lacks jurisdiction and authority to provide relief. An appropriate order shall follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: December 2, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-2313-01.wpd