#### UNITED STATES DISTRICT COURT
#### MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN R. WALSH, III,** : | |
| **Plaintiff,** : | |
|  : | **CIVIL ACTION NO. 3:15-2313** |
| **v.** : | |
|  : | **(JUDGE MANNION)** |
| **HONORABLE TRISH CORBETT,** : | |
| **Defendant** : | |

### MEMORANDUM

Before the court is the plaintiff, John R. Walsh III's motion for an "Emergency Motion For a Set Aside of Pending Eviction for Appellant John R. Walsh III." (Doc. 7). For the reasons stated herein, the motion will be **DENIED**.

On December 2, 2015, the plaintiff filed a motion with this court for an "Emergency Injunction," where he requested this court issue an order "halting the auction and foreclosure" of his property at 806 Woodlawn Street, Scranton, PA, which was ordered by the Honorable Trish Corbett of the Lackawanna County Court of Common Pleas. (Doc. 1, p. 6). He further asked the court to order Judge Corbett to abide by the Americans with Disabilities Act and appoint a new divorce master for the plaintiff's pending divorce proceeding. *Id.* With his motion for an emergency injunction, the plaintiff also filed a motion to proceed in forma pauperis. (Doc. 2). The court granted his motion to proceed in forma pauperis, but denied his motion for an emergency injunction on the grounds that "the court lacks jurisdiction to hear the plaintiff's

claims and also lacks authority to grant the relief that the plaintiff requests." Ultimately, the court found that the plaintiff's claim was frivolous, clearly "fail[ed] to state a claim upon which relief can be granted," and pursuant to 28 U.S.C. §1915(e)(2)(B), must be dismissed. (Doc. 3). The court then ordered dismissal of the case, and the case was closed on December 2, 2015. (Doc. 4). On December 3, 2015, the plaintiff timely filed a Notice of Appeal to the Third Circuit from the court's December 2 memorandum and order. (Doc. 5). Despite the pending appeal, the plaintiff again filed the instant motion, seeking to set aside the orders of Judge Corbett of the Lackawanna County Court of Common Pleas pertaining to the sale of and eviction of the plaintiff from his residence at 806 Woodlawn Street, Scranton, Pennsylvania. (Doc. 7). He also asks this court to order the Court of Common Pleas to provide him with an attorney for his divorce proceedings in Lackawanna County. (Doc. 7, p. 4).

The court first notes that the plaintiff presents this court with essentially the same substantive claims as those asserted in his December 2, 2015 emergency motion. All claims relate to the plaintiff's dissatisfaction with the Lackawanna County Court of Common Pleas' orders and dispositions in his divorce proceeding, specifically those governing the foreclosure, sale, and eviction from his property at 806 Woodlawn Street. As stated previously, the plaintiff has already filed a Notice of Appeal from this court's dismissal of his original motion for an Emergency Injunction. The Supreme Court of the United

States has long held that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). Thus, because the plaintiff's claims in the instant motion are substantively the same as those he is currently appealing in the Third Circuit, this court is divested of its control over and ability to exercise its authority in relation to the pending appeal. Instead, the Third Circuit now has jurisdiction until it decides the appeal. Given this court's lack of jurisdiction during the pendency of the appeal, the court will deny the plaintiff's current emergency motion.

The only claim presented that is arguably distinct from the matters involved in the plaintiff's appeal is his new request that this court order the state court to provide him with an attorney. While this claim is clearly entangled in Judge Corbett's handling of the state court proceeding, the court notes that in the alternative, this claim is frivolous because a plaintiff in a *civil case* does not have a constitutional right to an attorney. *Cf.* Gideon v. Wainwright, 372 U.S. 335, 344 (1963) (holding that a criminal defendant has a constitutional right to counsel); U.S. Const. amend. VI. In addition, for the same reasons set forth in the court's earlier memorandum, (Doc. 3), the court finds it does not have subject-matter jurisdiction over this claim, or any of the claims that the plaintiff has asserted in this case, under the Rooker-Feldman

doctrine and the Anti-Injunction Act. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); 28 U.S.C. §2283.

For the foregoing reasons, the court **DENIES** the plaintiff's emergency motion, (Doc. 7). An appropriate order shall follow.

s/ *Malachy E. Mannion*<br>
**MALACHY E. MANNION**<br>
**United States District Judge**

**Dated: January 6, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-2313-02.wpd